IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| JWK INC. and | ) | |
| R. W. KELLEY FAMILY LIMITED | ) | |
| PARTNERSHIP, | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

1

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, JWK INC. (hereinafter "JWK INC."), is a domestic for-profit corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, JWK INC., may be properly served with process via its registered agent for service, to wit:  c/o James W. Kelley, Jr., Registered Agent, 8015 Park Place, Houston, TX  77087.

9.      Defendant, R. W. KELLEY FAMILY LIMITED PARTNERSHIP (hereinafter "R. W. KELLEY FAMILY LIMITED PARTNERSHIP"), is a domestic limited partnership that transacts business in the State of Texas and within this judicial district.

10.      Defendant, R. W. KELLEY FAMILY LIMITED PARTNERSHIP, may be properly served with process via its registered agent for service, to wit:  c/o Ronald W. Kelley, Registered Agent, 2933 E. Broadway, Pearland, TX  77581.

## FACTUAL ALLEGATIONS

11.     On or about December 26, 2019, Plaintiff was a customer at "Kelley's Country Cookin" a business located at 7011 Spencer Highway, Pasadena, TX  77505, referenced herein as "Kelley's Country Cookin."    Attached as Exhibit 1 is a receipt documenting Plaintiff's purchase at Kelley's Country Cookin.  *See* Receipt attached as Exhibit 1.  See also, a photograph of Plaintiff at Kelly's Country Cookin on December 26, 2019 attached as Exhibit 2.

12.     Kelley's Country Cookin is operated by Defendant, JWK INC.

13.     Defendant, JWK INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Kelley's Country Cookin.

14.     R. W. KELLEY FAMILY LIMITED PARTNERSHIP is the owner or co-owner of the real property and improvements that Kelley's Country Cookin is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives only 9 miles from Kelley's Country Cookin and the Property.

16.     Plaintiff's access to the business(es) located at 7011 Spencer Highway, Pasadena, TX   77505, Harris County Property Appraiser's account number 0211570000077 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Kelley's Country Cookin and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Kelley's Country Cookin and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Kelley's Country

3

Cookin and the Property within six months or sooner, after he is made aware of the removal of the barriers to access detailed in this Complaint are removed and Kelley's Country Cookin and the Property is accessible again. The purpose of the revisit is to be a return customer, to determine if and when Kelley's Country Cookin and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18.     Plaintiff intends on revisiting Kelley's Country Cookin and the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19.     Plaintiff travelled to Kelley's Country Cookin and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Kelley's Country Cookin and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Kelley's Country Cookin and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive

4

social problem;

(iii)     discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26,

5

1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C.
§ 12181; 28 C.F.R. § 36.508(a).

25.     Kelley's Country Cookin is a public accommodations and service establishment.

26.     The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the
Department of Justice and Office of Attorney General promulgated federal regulations to
implement the requirements of the ADA. 28 C.F.R. Part 36.

28.     Public accommodations were required to conform to these regulations by January
26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of
$500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29.     Kelley's Country Cookin must be, but is not, in compliance with the ADA and
ADAAG.

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.      Plaintiff has attempted to, and has to the extent possible, accessed Kelley's
Country Cookin and the Property in his capacity as a customer of Kelley's Country Cookin and
the Property as well as an independent advocate for the disabled, but could not fully do so
because of his disabilities resulting from the physical barriers to access, dangerous conditions
and ADA violations that exist at Kelley's Country Cookin and the Property that preclude and/or
limit his access to Kelley's Country Cookin and the Property and/or the goods, services,
facilities, privileges, advantages and/or accommodations offered therein, including those
barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit Kelley's Country Cookin and the Property again in the
very near future as a customer and as an independent advocate for the disabled, in order to utilize

6

all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Kelley's Country Cookin and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Kelley's Country Cookin and the Property that preclude and/or limit his access to Kelley's Country Cookin and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Kelley's Country Cookin and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, are compelled to remove all physical barriers that exist at Kelley's Country Cookin and the Property, including those specifically set forth herein, and make Kelley's Country Cookin and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Kelley's Country Cookin

and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Kelley's Country Cookin and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)    There are three accessible parking spaces that do not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii)    One of the access aisles to an accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)    The accessible curb ramp is improperly protruding into an access aisle of anaccessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv)    There are three accessible parking spaces that are not located on the shortest distance to an accessible route in violation of section 208.3.1 of the 2010 ADAAG Standards.  This violation forces Plaintiff to traverse dangerously in a driveway risking getting hit by a vehicle.  As wheelchairs are lower to the ground, drivers have an increased difficulty in spotting wheelchairs, Plaintiff knows this and it causes increased anxiety.

(v)     There is one accessible parking space missing signage identifying the parking space as accessible, this is a violation of section 502.6 of the 2010 ADAAG Standards and increases the difficulty of Plaintiff to locate an accessible parking space.

(vi)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(vii)   The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(viii)  The pipes underneath the sink are not insulated and the sharp edges of the pipes increases the likelihood of Plaintiff cutting his legs on the pipes.

36.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Kelley's Country Cookin and the Property.

37.     Plaintiff requires an inspection of Kelley's Country Cookin and the Property in order to determine all of the discriminatory conditions present at Kelley's Country Cookin and the Property in violation of the ADA.

38.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.      All of the violations alleged herein are readily achievable to modify to Kelley's Country Cookin and the Property into compliance with the ADA.

9

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Kelley's Country Cookin and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Kelley's Country Cookin and the Property is readily achievable because Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, have the financial resources to make the necessary modifications as the Property Appraiser lists the market value of the Property at $950,937.00.  Additionally, the website for Kelley's Country Cookin lists seven locations for this successful restaurant.

42.     Upon information and good faith belief, Kelley's Country Cookin and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Kelley's Country Cookin and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of

litigation from Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, to modify Kelley's Country Cookin and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, JWK INC., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, R. W. KELLEY FAMILY LIMITED PARTNERSHIP, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, JWK INC. and R. W. KELLEY FAMILY LIMITED PARTNERSHIP, to (i) remove the physical barriers to access and (ii) alter the subject Kelley's Country Cookin and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)      That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: February 15, 2020.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com